UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINICK BOLDEN,

        Plaintiff,

                              CASE NO. 2:09-CV-11020
v.                                  HONORABLE VICTORIA A. ROBERTS

ROBERT HOLMES, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT
AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**I.    Introduction**

The Court has before it Plaintiff Dominick Bolden's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his motion for appointment of counsel. Plaintiff, a state prisoner currently confined at the Ojibway Correctional Facility in Marenisco, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, he alleges that Detroit Police Officers and Carlos Chapman violated his civil rights by arresting him without probable cause and by presenting false testimony and conspiring against him at his parole revocation hearing. He names those officers and the Detroit Police Department as defendants in this action. Plaintiff seeks monetary damages and other appropriate relief. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court also denies Plaintiff's motion for appointment of counsel.

**II.      Analysis**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

As noted, Plaintiff asserts that defendants Holmes and Chapman arrested him without probable cause, lied at his parole revocation hearing, and conspired against him. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff, however, actually seeks habeas corpus relief because his parole revocation claims concern the validity of his

continued confinement. Such claims are not properly brought in a § 1983 civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because Plaintiff challenges his parole revocation and his continued imprisonment and the parole revocation decision has not been overturned, his civil rights complaint must be dismissed.

The Court notes that a state prisoner may maintain a § 1983 action for procedural challenges to a parole hearing where success in the action would not necessarily call for an immediate or speedier release from custody. *Id*. at 82; *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007). In this case, however, Plaintiff's illegal arrest, false testimony, and conspiracy claims go to the propriety of the parole revocation itself, such that ruling on those claims in Plaintiff's favor would necessarily demonstrate the invalidity of his confinement. Such claims are barred by *Heck, supra. See Cochrane v. Wilson*, No. 06-12504, 2007 WL 2221389, *3-4 (E.D. Mich. July 31, 2007) (adopting magistrate judge's report dismissing similar claims);

*accord Grant v. Hatchett*, No. 1:08-CV-73, 2009 WL 467569, *9-10 (E.D. Tenn. Feb. 23, 2009). Plaintiff's complaint must therefore be dismissed.

Lastly, the Court notes that Plaintiff's complaint against the Detroit Police Department is subject to dismissal for an additional reason. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that liability cannot be established based upon a theory of *respondeat superior* or vicarious liability. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has made no factual allegations against the Detroit Police Department. His complaint against the Department is thus subject to dismissal on this basis as well as *Heck, supra*.

### III. Conclusion

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to each of the defendants in his complaint. Accordingly, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED**.

    s/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: April 6, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Dominick Bolden by electronic means or U.S. Mail on April 6, 2009.

s/Linda Vertriest
Deputy Clerk