UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINICK BOLDEN,

        Plaintiff,

                              CASE NO. 2:09-CV-11020
v.                            HONORABLE VICTORIA A. ROBERTS

ROBERT HOLMES, et al.,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR LEAVE TO FILE AN AMENDED COMPLAINT [DKT #8 AND #9]

Before the Court are Plaintiff's motions for reconsideration and for leave to file an amended complaint concerning the Court's summary dismissal of his civil rights complaint, brought pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Plaintiff now seeks reversal of the Court's decision dismissing his complaint and wishes to proceed on his complaint, particularly his malicious prosecution claim.

As an initial matter, the Court confirms that it properly dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted based upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must

1

result from a correction thereof, as required by Local Rule 7.1(g)(3).  If Plaintiff were to prevail on his illegal arrest, false testimony, and conspiracy claims (whether considered in the context of his criminal or parole revocation proceedings), such a determination would call into question the propriety of his parole revocation and would necessarily demonstrate the invalidity of his confinement.  Such claims are barred by *Heck*.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Cochrane v. Wilson*, No. 06-12504, 2007 WL 2221389, *3-4 (E.D. Mich. July 31, 2007) (adopting magistrate judge's report dismissing similar claims); *accord Grant v. Hatchett*, No. 1:08-CV-73, 2009 WL 467569, *9-10 (E.D. Tenn. Feb. 23, 2009).  The Court properly dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Additionally, Plaintiff's motion seeking to amend his civil rights complaint to cure a perceived defect in his initial pleadings must be denied given the Court's dismissal of his complaint.  The Court may not permit Plaintiff to amend his complaint to defeat summary dismissal.  *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Clayton v. United States Dep't. of Justice, et al.*, 136 Fed. Appx. 840, 842 (6th Cir. 2005).

Accordingly, for the reasons stated, the Court **DENIES** Plaintiff's motions for reconsideration and for leave to file an amended complaint.  This case is closed.  No further pleadings should be filed in this matter.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 11, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Dominick Bolden by electronic means or U.S. Mail on May 11, 2009.

s/Carol A. Pinegar
Deputy Clerk